# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ALONZO WESTERN,

    Plaintiff,                       Civil Action No. 10-12855

v.                                  HONORABLE DENISE PAGE HOOD

MICHIGAN LOTTERY BUREAU,

    Defendant.

_____/

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*, ORDER MOOTING APPLICATION FOR APPOINTMENT OF COUNSEL, AND ORDER OF SUMMARY DISMISSAL

Before the Court is Plaintiff Patrick Alonzo Western's Application to Proceed *In Forma Pauperis*. A review of Plaintiff's application supports Plaintiff's claim of pauper status. The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court dismisses the Complaint against Defendant Michigan Lottery Bureau.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327 337 (1895). The facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); Fed.R.Civ.P. Rule 8(a)(1). The federal district court is a court of limited jurisdiction. The district court is only empowered to hear those cases that (1) are within the judicial power of the United States as defined in Article III of the Constitution and (2) that have been entrusted to the district court by a jurisdictional grant of Congress. *Hodgson v. Bowerbank*, 9 U.S. 303 (1809); *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982). Federal question jurisdiction under 28 U.S.C. § 1331, diversity jurisdiction where the amount in controversy exceeds $75,000 under 28 U.S.C. § 1332, and when the United States is a party under 28 U.S.C. §§ 1345, 1346.

Liberally construing the Complaint, Plaintiff fails to state a claim against Defendant. Plaintiff claims that he wrote the United States President in 1984 or 1985 regarding the lottery

games in Detroit and that Detroit had no $1,000,000 lottery game. Plaintiff claims that he named the game, "Lotto" and that the Lotto should be in all the states. He alleges that none of the states paid him for his Lotto game. Plaintiff's "Complaint" is comprised of over 25 handwritten pages requesting that he be paid for the various lottery games. Plaintiff also goes on to state various matters including being hurt by power electricity and adoption matters.

Plaintiff's Complaint is devoid of any factual allegations against Defendant which would support any claim under the Court's federal question subject matter jurisdiction or diversity subject matter jurisdiction. Plaintiff's Complaint must be dismissed.

Accordingly,

IT IS ORDERED that the Application to Proceed *In Forma Pauperis* **(Doc. No. 2, filed July 20, 2010)** is GRANTED.

IT IS FURTHER ORDERED that the Application for Appointment of Counsel **(Doc. No. 3, filed July 20, 2010)** is MOOT.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2)(B). Any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-11.

                                                            S/Denise Page Hood
                                                            Denise Page Hood
                                                            United States District Judge

Dated: July 30, 2010

I hereby certify that a copy of the foregoing document was served upon Alonzo Western,

1835 Sycamore, Apt. No. 1, Detroit, MI 48208 on July 30, 2010, by electronic and/or ordinary mail.

                                              S/William F. Lewis
                                              Case Manager